UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RENALDO BROWNE,
    Plaintiff,
                                        CIVIL ACTON NO.
v.                                11-12038-JLT

COMPASS GROUP USA, INC.
D/B/A CHARTWELLS DINING SERVICES,
    Defendant.

**REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
(DOCKET ENTRY # 13)**

**July 12, 2012**

**BOWLER, U.S.M.J.**

Pending before this court is a motion filed by defendant Compass Group USA, Inc. d/b/a Chartwells Dining Services ("defendant") to dismiss the complaint. (Docket Entry # 13). Plaintiff Renaldo Browne ("plaintiff") opposes the motion. (Docket Entry # 18). On June 4, 2012, this court held a hearing and took the motion (Docket Entry # 13) under advisement.

PROCEDURAL HISTORY

The brevis, one and a half page complaint cites the following statutes as a basis for relief: 42 U.S.C. § 2000e(2)(a) ("section 2000e(2)(A)"); 29 U.S.C. § 412 ("section 412"); and 18 U.S.C. § 357(b)(5) ("section 357(b)(5)"). (Docket

Entry # 1). Defendant seeks to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)").

STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), a "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'" Pettengill v. Curtis, 584 F.Supp.2d 348, 362 (D.Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)); see also Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Co., 267 F.3d 30, 33 (1st Cir. 2001). To withstand a Rule 12(b)(6) motion to dismiss, the complaint must include factual allegations that, when taken as true, demonstrate a plausible claim to relief even if actual proof of the facts is improbable. Bell Atlantic v Twombly, 550 U.S. 544, 555-58 (2007); see also Ashcroft v Iqbal, 556 U.S. 662, 677-78 (2009) ("claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged"); Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008).

Under certain circumstances, a court may allow a plaintiff an opportunity to amend in lieu of a dismissal with prejudice. See Eastern Food Services, Inc. v. Pontifical Catholic University Services Ass'n, Inc., 357 F.3d 1, 8 (1st Cir. 2004) (permission

2

to amend complaint "often granted not only pretrial but after dismissal for failure to state a claim where court thinks that the case has some promise"); see, e.g., Rodi v. Southern New England School of Law, 389 F.3d 5, 20 (1st Cir. 2004) (directing district court to afford the plaintiff opportunity to amend and replead chapter 93A claim); see also Dykes v. Southeastern Penn. Transportation Authority, 68 F.3d 1564, 1572 n.7 (3rd Cir. 1995) (where complaint dismissed for something other than "lack of specificity or some other readily curable defect," the correction of which would not allow complaint to survive a Rule 12(b)(6) motion, dismissal should stand). "'Courts [should] endeavor. . . to guard against the loss of pro se claims due to technical defects.'" Rodi 389 F.3d at 20; quoting Boivan v. Black, 225 F.3d 36, 43 (1st Cir. 2000). "Moreover, a *pro se* defendant is entitled to a liberal reading of his allegations, no matter how inartfully pled." Cryer v. Spencer, 2012 WL 892883, at *3 (D.Mass. Mar. 15, 2012); see also Rodi, 389 F.3d at 13; Reddinger v. Hosp. Cent. Services, Inc., 4 F.Supp.2d 405, 411 (E.D.Penn. 1998).

## FACTUAL BACKGROUND

Liberally reading the pro se complaint, plaintiff alleges that defendant wrongfully terminated him from employment. (Docket Entry # 1). As set forth in the complaint, plaintiff alleges that his termination from employment was in retaliation

3

for reporting an unlawful employment practice. (Docket Entry # 1). The complaint also states that plaintiff lost wages as a result of the termination.[1] (Docket Entry # 1). The complaint further notes that, "Defendant Chartwell Dining Discriminated against Plaintiff Renaldo Browne's Single Protective Concerted Action." (Docket Entry # 1). Finally, it states that he was subject to "Wrongful Termination From Employment as Retaliation For Reporting Manager/Director unlawful employment Practi[c]e." (Docket Entry # 1).

## DISCUSSION

In seeking to dismiss the complaint, defendant argues that plaintiff fails to provide any factual allegations describing the nature of plaintiff's claims. (Docket Entry # 14). Defendant contends that the lack of any factual allegations in the complaint precludes it from determining the nature of plaintiff's claim. (Docket Entry # 14). Plaintiff maintains that defendant has been properly notified of the claims brought against it. (Docket Entry # 18). Plaintiff further submits that service and notice of the complaint complied with Rules 4 and 8, Fed. R. Civ. P. (Docket Entry # 18).

The complaint cites section 2000e(2)(A), presumably as a basis for a claim. In order to survive a motion to dismiss, a

---

[1] Legal conclusions in the above factual summary are not part of the facts.

Title VII[2] retaliation claim must plead facts that show: (1) the plaintiff was engaged in protected activity "'under Title VII; (2) the employer was aware of [the] plaintiff's participation in the protected activity; (3) the employer took adverse action against [the] plaintiff; and (4)'" there was some correlation between the protected activity and the adverse action. Gordon v New York City Board of Educ., 232 F.3d 111, 116 (2nd Cir. 2000). In addition, a Title VII claim cannot be brought unless it has first been brought to the Equal Employment Opportunities Commission ("EEOC") and then filed within 180 days. Laval v. Jersey City Hous. Auth., 2011 WL 1792795, at *2 (D.N.J. May 10, 2011).

Plaintiff fails to plead all of the facts necessary to meet the Twombly standard for a Title VII retaliation claim. See Twombly, 550 U.S. at 555-59. (Docket Entry # 1). Even with a generous and liberal reading of the complaint, the facts do not show a plausible Title VII retaliation claim. The complaint does not contain the date or describe the protected activity engaged in by plaintiff. The complaint also fails to include the date of the termination, the position or job held by plaintiff at the company and the conduct that was retaliatory.[3]

---

[2] Section 2000e(2)(A) is part of Title VII of the 1964 Civil Rights Act.
[3] There is also no indication that plaintiff presented the claim to the EEOC and filed this action within 180 days after a decision. See generally Laval, 2011 WL 1792795, at *2.

5

The citation or reliance on section 412 in the complaint is also unavailing. Section 412 provides that, "any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a United States District Court for such relief as may be appropriate." 29 U.S.C. § 412. This statute governs the bill of rights, constitution and bylaws of labor organizations. See United Bhd. of Carpenters & Joiners, Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund, 926 F.2d 550, 556 (6th Cir. 1991). "[Section] 412 confers standing to sue under § 411 only on persons who are members of unions and who enjoy the primary rights of rank and file membership, and not on the plaintiffs here or other union sub-units." United Bhd. Of Carpenters & Joiners, Dresden Local No., 926 F.2d at 556. There is no indication in the complaint that plaintiff is a member of a union.

In addition, to survive a Rule 12(b)(6) motion to dismiss, a section 412 claim must provide sufficient factual allegations. "Claims under Title I of the Labor-Management Reporting and Disclosure Act[4] must be stated with . . . greater specificity . . . . [and] if claims are not so specific as to show a clear infringement, the complaint is defective." Scoville v. Watson,

---

[4] Section 412 is part of a statute known as the Labor-Management Reporting and Disclosure Act.

338 F.2d 678, 681 (7th Cir. 1964). Here, the complaint fails to identify inter alia what right secured under 29 U.S.C. §§ 411 to 415 was violated. See Mendez v. District Council for Ports of Puerto Rico, 208 F.Supp. 917, 918 (D.P.R. 1962).

The complaint also cites section 357(b)(5). Section 357(b)(5) was amended and recodified at 18 U.S.C. § 1719 ("section 1719").[5] Moreover, section 1719 is a criminal statute. The complaint may have mistakenly cited section 357(b)(5) as opposed to 18 U.S.C. § 3571(b)(5) ("section 3571(b)(5)"). This latter statute mirrors the language in the complaint that states, "Class A Misdemeanor That Does Not Result In Death." 18 U.S.C. § 3571(b)(5). (Docket Entry # 1). Again, however, this statute regulates the administering of fines for various *criminal* offenses.

With respect to both criminal statutes (sections 1719 and 3571(b)(5)) private citizens lack "the authority to initiate a criminal prosecution against anyone." Browne v. Sodexo, Inc., 2011 WL 196916, at *2 (D.Mass. Jan. 19, 2011); see also Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (private citizens have no authority to institute a federal criminal prosecution). Individual citizens are not capable of initiating a criminal

---

[5] Section 1719 states that "Whoever makes use of any official envelope, label, or indorsement authorized by law, to avoid the payment of postage or registry fee on his private letter, packet, package, or other matter in the mail, shall be fined under this title." 18 U.S.C. § 1719.

7

prosecution against another because they lack "a judicially cognizable interest in the federal prosecution or non-prosecution of another." Akande v. Doe, 2012 WL 1658981, at *2 (D.Mass. May 10, 2012).

Title 18 of the United States Code contains criminal statutes. Private individuals cannot bring criminal claims in court. Cok, 876 F.2d at 2. Only government prosecutors have the "judicially cognizable interest" needed to bring a criminal claim in court. Akande, 2012 WL 1658981 at *2. Plaintiff is a private individual. Therefore, any claims under section 357(b)(5), section 1719 or section 3571(b)(5) in the complaint do not survive the Rule 12(b)(6) motion.

Turning to whether a dismissal with or without prejudice is appropriate, plaintiff's pro se status weighs in favor of a dismissal without prejudice. See Rodi 389 F.3d at 20 ("'courts should endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects'") (internal brackets omitted). Courts also strive to have cases determined on the merits. See id. at 20; see also Reddinger, 4 F.Supp.2d at 411. Finally, where, as here, the complaint is dismissed for lack of specificity, a dismissal without prejudice is more appropriate than a dismissal with prejudice. See Reddinger, 4 F.Supp.2d at 411. Affording plaintiff 30 days to file a motion for leave to amend is therefore warranted.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[6] that the motion to dismiss (Docket Entry # 13) be **ALLOWED** on or after August 6, 2012, and that plaintiff may file on or before August 6, 2012, a motion for leave to amend the complaint with a proposed amended complaint attached as an exhibit to the motion.

                                        /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge

---

[6] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. See Rule 72(b), Fed. R. Civ. P. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.